**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Regina Lynn Villone, | No. CV-09-8213-PHX-LOA |
| Plaintiff, | **ORDER** |
| vs. | |
| United Parcel Services, Inc., | |
| Defendant. | |

This case arises on Defendant United Parcel Services, Inc.'s ("UPS") Motion to Amend Answer, filed on May 28, 2010. (docket # 29) No opposition has been timely filed by Plaintiff.

The Rule 16 scheduling order authorizes the parties to file motions to amend pleadings by Friday, May 28, 2010. UPS's Motion is timely and, therefore, amendment is measured by Rule 15(a)(2)'s more liberal standard, not Rule 16's higher good-cause standard. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) (once scheduling order is filed pursuant to Rule 16(b), the good-cause standard controls over the Rule 15(a) standard). Rule 15(a)(2), Fed.R.Civ.P. provides, in part, "[t]he court should freely give leave when justice so requires."); also see, *Foman v. Davis*, 371 U.S. 178 (1962). The policy underlying the liberal allowance of amendment is to facilitate a proper decision on the merits rather than on the pleadings or technicalities. *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir.

1987). "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *Id.*; *Monroe v. Gagan*, 2009 WL 529893, * 1 (D.Ariz. 2009).

**IT IS ORDERED** that Defendant United Parcel Services, Inc.'s Motion to Amend Answer, docket # 29, is **GRANTED**. Pursuant to LRCiv 15.1, as amended on December 1, 2009, Defendant "must file and serve [the Amended Answer] on all parties under Rule 5 of the Federal Rules of Civil Procedure **within fourteen (14) days** of the filing of the order granting leave to amend . . . ."

Dated this 25th day of June, 2010.

Lawrence O. Anderson
United States Magistrate Judge