**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Regina Lynn Villone,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>United Parcel Services, Inc.,<br><br>　　　　Defendant. | No. CV-09-8213-PHX-LOA<br><br>**ORDER** |

　　　　This case arises on the parties' Stipulated Motion to Extend Deadlines, doc. 41, which the Court construes as a joint motion to extend the Rule 16 scheduling order's deadlines. The parties indicate "Plaintiff Villone has experienced some complications related to her health that the parties did not anticipate at the time they prepared the pretrial schedule in this case. As a result, Ms. Villone has been forced to postpone her own deposition on more than one occasion and may need to be deposed over multiple days because she cannot sit for long periods of time." (*Id*. at 1)  No details are provided as to what Plaintiff's health complications are or how long she has suffered from them.

　　　　The Court's docket reveals that the *pro se* Complaint was filed on November 30, 2009 and amended on June 14, 2010. (Docs. 1, 32) Defendant United Parcel Services, Inc. ("UPS") answered on February 23, 2010 and filed an Amended Answer on June 25, 2010. (Docs. 11, 34) The April 21, 2010 scheduling order set various deadlines by mutual agreement reached at the scheduling conference including a discovery deadline of January 28, 2011,. (Doc. 24 at 5)  In fact, the Court allowed the parties a more generous deadline for completing their

discovery than the September 3, 2010 deadline requested by the parties in their Rule 26(f) Joint Case Management Plan. (Doc. 21 at 8)

"Federal Rule of Civil Procedure 16 vests the district court with early control over cases 'toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery.'" *In re Arizona*, 528 F.3d 652, 657 (9th Cir. 2009), *cert. denied*, ___ S.Ct. ___, 2009 WL 1738654 (2009) (quoting Fed.R.Civ.P. 16 advisory committee's note, 1983 Amendment). "Rule 16 further recognizes the inherent power of the district court to enforce its pretrial orders through sanctions, Fed. R. Civ. P. 16(f), and the discretion of the [trial] judge to apply an appropriate level of supervision as dictated by the issues raised by each individual case." *Id.* (citing *e.g.*, Fed. R. Civ. P. 16(c)(2)). Rule 16(b)(4), Fed.R.Civ.P., mandates that the scheduling order "may be modified only for *good cause* and with the judge's consent." Rule 16(b)(4), Fed.R.Civ.P. (emphasis added). Emphasizing the meaningful nature of the Rule 16 deadlines, the Ninth Circuit has made clear that "Federal Rule of Civil Procedure 16 is to be taken seriously. . . ." *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

Federal Rule of Civil Procedure 16(b)(4)' s "good cause" standard primarily considers the diligence of the party seeking the amendment. *Williams v. City of Mesa*, 2010 WL 2803880, * 1 (D.Ariz. 2010) (citing *Johnson v. Mammoth Recreations*, *Inc*., 975 F.2d 604, 607-08 (9th Cir. 1992)). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 608. "Good cause" means the scheduling deadlines cannot be met despite party's diligence, citing 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990). *Id.*

The requisite good cause for extending the deadline for taking Plaintiff's deposition or other discovery has not been shown in this case. The Court's file reflects that UPS' counsel has had more than a reasonably adequate amount of time to depose Plaintiff and complete discovery. Plaintiff's deposition was not noticed until December 13, 2010, doc. 37, nearly eight months after the scheduling conference and only six weeks before the January 28,

1  2011 discovery deadline. It was then re-noticed for January 21, 2011, seven days before
2  discovery ended. (Doc. ) *Pro se* Plaintiff and defense counsel were forewarned during the
3  scheduling conference by the Court and reinforced in the scheduling order itself that the
4  scheduling "deadlines are **real, firm**, and, consistent with the undersigned's responsibilities
5  mandated by Congress in the Civil Justice Reform Act of 1990, 28 U.S.C. § 471 *et seq.*, **will not**
6  **be altered** except only upon a showing of good cause and by leave of the assigned trial judge."
7  (Doc. 24 at 3) (emphasis in original) (footnote omitted). The scheduling order gives fair notice
8  to the parties that "[t]he Court intends to enforce the deadlines in this Order. Counsel should
9  plan their litigation activities accordingly[,]" citing *Hostnut.Com, Inc.v. Go Daddy Software,*
10 *Inc.*, 2006 WL 2573201 *1 (D. Ariz. 2006). Like the 120-day deadline to serve process pursuant
11 to Rule 4(m), to hold that good cause has been shown here, "would allow the good cause
12 exception to swallow the rule." *Townsel v. County of Contra Costa*, 820 F.2d 319, 320 (9th Cir.
13 1987). Also see, *Zivkovic v. Southern Calif. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)
14 (holding that party failed to demonstrate good cause where a continuance was requested four
15 months after the scheduling order was issued, and plaintiff was not diligent in complying with
16 the Rule 16 schedule) (citation omitted).

17  After consideration of the parties' motion, the relevant case law and the
18 absence of good cause and a demonstration of the exercise of due diligence,

19  **IT IS ORDERED** that the joint motion to extend the Rule 16 scheduling
20 order's deadlines, doc. 41, is **DENIED**.

21  Dated this 31st day of January, 2011.

_____
Lawrence O. Anderson
United States Magistrate Judge